JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES - GENERAL

| | |
|---|---|
| Case No. | CV 19-10160 PA (Ex) |
| Title | Ryan Tetuan v. Subaru of America, Inc. |
| Date | January 23, 2020 |

Present: The Honorable **PERCY ANDERSON, UNITED STATES DISTRICT JUDGE**

| T. Jackson | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiffs:    Attorneys Present for Defendants:

None    None

**Proceedings:**   IN CHAMBERS - COURT ORDER

Before the Court is a Motion to Remand filed by Plaintiff Ryan Tetuan ("Plaintiff"). (Dkt. No 14 ("Remand").) Defendant Subaru of America filed an Opposition (Dkt. No. 15 ("Opp."), and Plaintiff filed a Reply (Dkt. No. 16.) Plaintiff also filed a Notice of Request to Cross-Examine Declarant Danielle N. Duarte. (Dkt. No. 18.). Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds these matters appropriate for decision without oral argument. The hearing calendared for January 27, 2020 at 1:30 p.m. is vacated and the matter taken off calendar.

**I.    Background**

Plaintiff commenced this action in Los Angeles County Superior Court on May 23, 2019. (Dkt. No. 1, Ex. 1 ("Compl.").) Plaintiff alleges claims under California's Song-Beverly Act pertaining to his lease of a 2019 Subaru. (Id.) In his original Complaint, Plaintiff named Subaru of America as the only defendant. (Id.) On June 21, 2019, Plaintiff filed a First Amended Complaint, adding Subaru Pacific as a defendant. (Id. Ex. 2.) Plaintiff filed a Second Amended Complaint on September 17, 2019. (Id. Ex. 3.) Subaru Pacific subsequently responded to Plaintiff's Second Amended Complaint with a Motion to Compel Arbitration and Stay Action. (Id. Ex. 4.) On November 1, 2019, Plaintiff dismissed Subaru Pacific as a named Defendant. (Id. Ex. 5.)

On November 25, 2019, Defendant Subaru of America filed its Answer to Plaintiff's Second Amended Complaint in Los Angeles County Superior Court. (Id.) On November 26, 2019, Plaintiff amended his Complaint to add Subaru of Santa Monica as a Defendant. (Remand, Ex. 1.).

On November 27, 2019, Subaru of America filed a Notice of Removal ("Removal"), removing this case to this Court. (Dkt. No. 1). In its Removal, Subaru of America argued this Court has subject matter jurisdiction based on diversity. (Id.) Defendant Subaru of America's Removal states Plaintiff is a citizen of California, Subaru of America is incorporated in New Jersey with its principal place of business in New Jersey, and that the amount in controversy exceeds $75,000. (Id.) The Removal further alleges that this case first became removable when Subaru Pacific was dismissed, because Subaru Pacific defeated diversity jurisdiction. (Id.)

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES - GENERAL

| Case No. | CV 19-10160 PA (Ex) | Date | January 23, 2020 |
|---|---|---|---|
| Title | Ryan Tetuan v. Subaru of America, Inc. | | |

The Removal did not mention that Subaru of Santa Monica was added as a defendant in this case the day before the Removal was filed, and the state court filings attached to the Removal do not include Plaintiff's November 26, 2019 amendment to his Complaint to add Subaru of Santa Monica as a defendant. (See Dkt. No. 1, Ex. 8 (only including filings made up to November 25, 2019).)

On December 23, 2019, Plaintiff filed a Motion to Remand, arguing Subaru of Santa Monica defeats this Court's diversity jurisdiction. (Dkt. No. 14.) Plaintiff also requests attorney fees and sanctions. Subaru of America filed an Opposition, claiming it was not aware that Subaru of Santa Monica was added as a defendant at the time they filed their Removal, and in any case Subaru of Santa Monica's citizenship should be disregarded because it was fraudulently joined. (Dkt. No. 15.) In response, Plaintiff filed both a Reply and a Request to Cross-Examine Declarant Danielle N. Duarte.

## II.  Legal Standard

"Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress." See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

To invoke this Court's diversity jurisdiction, a removing defendant must prove (1) there is complete diversity of citizenship between the parties, and (2) the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. A natural person must be a citizen of the United States and be domiciled in a state to establish "state citizenship" for diversity purposes. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in places they reside with the intent to remain or to which they intend to return. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). For purposes of diversity jurisdiction, a corporation is a citizen of any state where it is incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c).

## III.  Analysis

### A.  Removal

The Ninth Circuit recognizes an exception to the complete diversity requirement where a defendant has been "fraudulently joined." Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001). Fraudulent joinder arises if a plaintiff "fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." McCabe v. Gen. Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987). If the Court finds that the joinder of a non-diverse

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES - GENERAL

| Case No. | CV 19-10160 PA (Ex) | Date | January 23, 2020 |
|---|---|---|---|
| Title | Ryan Tetuan v. Subaru of America, Inc. | | |

defendant is fraudulent, that defendant's presence in the lawsuit is ignored for the purposes of determining diversity. See, e.g., Morris, 236 F.3d at 1067.

"There is a presumption against finding fraudulent joinder, and defendants who assert that plaintiff has fraudulently joined a party carry a heavy burden of persuasion." Plute v. Roadway Package Sys., Inc., 141 F. Supp. 2d 1005, 1008 (N.D. Cal. 2001). A claim of fraudulent joinder should be denied if there is any possibility that the plaintiff may prevail on the cause of action against the in-state defendants. See id. at 1008, 1012. "The standard is not whether plaintiffs will actually or even probably prevail on the merits, but whether there is any possibility that they may do so." Lieberman v. Meshkin, Mazandarani, No. C-96-3344 SI, 1996 WL 732506, at *3 (N.D. Cal. Dec. 11, 1996). "In determining whether a defendant was joined fraudulently, the court must resolve 'all disputed questions of fact and all ambiguities in the controlling state law in favor of the non-removing party.'" Plute, 141 F. Supp. 2d at 1008 (quoting Dodson v. Spiliada, 951 F.2d 40, 42–43 (5th Cir. 1992)). Further, "[a]ll doubts concerning the sufficiency of a cause of action because of inartful, ambiguous or technically defective pleading must be resolved in favor of remand." Id. (citing Archuleta v. American Airlines, Inc., No. CV 00-1286, 2000 WL 656808, at *4 (C.D. Cal. May 12, 2000).

While a court can look at evidence including declarations, a court should remand a case "where a defendant raises a defense that requires a searching inquiry into the merits of the plaintiff's case, even if that defense, if successful, would prove fatal."[1] Morris, 236 F.3d at 1066. "Accordingly, a defendant seeking removal based on an alleged fraudulent joinder must do more than show that the complaint at the time of removal fails to state a claim against the non-diverse defendant." Nation v. Bayer Healthcare Pharmaceuticals, Inc., No. 13CV4689, 2013 WL 12144106, at *1 (C.D. Cal. Aug. 19, 2013). "Remand must be granted unless the defendant shows that the plaintiff would not be afforded leave to amend his complaint to cure [the] purported deficiency." Id. (internal quotations omitted).

Subaru of America does not dispute that Subaru of Santa Monica is a citizen of California. Subaru of America instead argues Subaru of Santa Monica's joinder was fraudulent because "Subaru of Santa Monica did not sell or lease the vehicle" to Plaintiff, and "Plaintiff only presented his vehicle to Subaru of Santa Monica for repair once." (Opp. at 9.) Subaru of America later states on the same page that "Plaintiff . . . never presented [his vehicle] to [Subaru of] Santa Monica for repairs." (Id.)

At least on this record, the Court cannot conclude that Subaru of Santa Monica is fraudulently joined. Subaru of America has not met its burden to foreclose "any possibility" that Plaintiff may prevail on his claims against Subaru of Santa Monica. Nor can the Court conclude on this record that Plaintiff would not, at a minimum, be afforded leave to amend his Complaint to augment his allegations

---

[1] Plaintiff has filed "Objections and [a] Motion to Strike Evidence Cited by Defendant in its Opposition to Plaintiff's Motion to Remand." (Dkt. No. 17.) Most of these objections are misguided blanket and boilerplate objections. Plaintiff's objections are denied as moot.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES - GENERAL

| Case No. | CV 19-10160 PA (Ex) | Date | January 23, 2020 |
|---|---|---|---|
| Title | Ryan Tetuan v. Subaru of America, Inc. | | |

against Subaru of Santa Monica should those allegations be found insufficient. The Court cannot ignore the fact that Plaintiff has included claims against a non-diverse defendant that fall far short of the legal standard for fraudulent joinder. Subaru of America therefore fails to meet its burden to have this Court ignore the citizenship of Subaru of Santa Monica, and the Court accordingly concludes that Subaru of America has not established complete diversity of the parties or this Court's subject matter jurisdiction.

### B.     Attorney Fees and Sanctions

In his Motion to Remand, Plaintiff asks this Court to award attorney fees pursuant to 28 U.S.C. § 1147. (Remand at 6); See also 28 U.S.C. § 1447(c) (providing that remand orders "may require payment of just costs and actual expenses, including attorney fees, incurred as a result of removal"). The Court denies Plaintiff's request for attorney fees because Subaru of America's Removal was not objectively unreasonable. Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2000) ("Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only when the removing party lacked an objectively reasonably basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied."). Subaru of America states they were unaware of Plaintiff's amendment to his Complaint to add Subaru of Santa Monica as a defendant at the time they filed their original Removal, as Plaintiff's amendment had not yet posted to the state court docket, and Subaru of America had not received Plaintiff's amendment.

Finally, Plaintiff requests sanctions, stating "[i]f Defendant does have sufficient law and evidence to meet its burden of showing that this Court has removal jurisdiction, then Defendant did not take its obligation 'to discuss thoroughly . . . any potential resolution' of this motion seriously as required by Local Rule 7-3." (Remand at 9.) The Court rejects this argument. Plaintiff's request for sanctions is denied.

### Conclusion

For the reasons stated above, this Court determines Subaru of America has failed to establish that complete diversity exists among Plaintiff and all of the defendants. See 28 U.S.C. § 1447(c). Thus, this Court does not have jurisdiction over this action. Accordingly, the Court remands this action back to the Superior Court of the State of California for the County of Los Angeles, Central District, Case No. 19STCV17978 for lack of subject matter jurisdiction. In addition, Plaintiff's Request to Cross-Examine Declarant Danielle N. Duarte (Dkt. No. 18) is denied as moot. Plaintiff's request for attorney fees and sanctions is denied.

IT IS SO ORDERED.